SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Ray Woods, ) | No. CV 10-1955-PHX-SRB (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County Sheriff, et al., ) | |
| Defendants. ) | |

 Plaintiff Timothy Ray Woods, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc. 1, 3.) The same day, Plaintiff filed a First Amended Complaint, which supersedes the Complaint in its entirety, with another Application to Proceed *In Forma Pauperis*. (Doc. 5, 6.) The Court will order Defendants Horath and Valenzuela to answer Count I of the First Amended Complaint and will dismiss the remaining Defendant without prejudice and deny the second *in forma pauperis* application.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

 Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III.  First Amended Complaint

Plaintiff alleges a single count for excessive use of force in his First Amended Complaint. Plaintiff sues the Maricopa County Sheriff, and Maricopa County Sheriff's Officers S. Horath and R.I. Valenzuela. Plaintiff seeks compensatory relief.

Plaintiff alleges the following in his First Amended Complaint: On May 20, 2010, Plaintiff was in full restraints and being escorted back to the Fourth Avenue Jail via the walkway, when Deputies Horath and Valenzuela slammed him into the wall and onto the ground and kneed and punched him several times, resulting in physical injuries. Maricopa County Sheriff's Office-Internal Affairs Detective Osborn filed a police report for aggravated assault.

### IV.  Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff sues the Maricopa County Sheriff. Although the Sheriff may properly be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who

1 allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. 2 Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 3 1989). A supervisor in his individual capacity, "is only liable for constitutional violations 4 of his subordinates if the supervisor participated in or directed the violations, or knew of the 5 violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

6 In his First Amended Complaint, Plaintiff fails to allege *any* facts to support that the 7 Sheriff has enacted or enforced a policy, custom, or practice that resulted in constitutional 8 violations. Further, Plaintiff fails to allege facts to support that the Sheriff directly violated 9 Plaintiff's constitutional rights, or that he was aware that Plaintiff's rights were being 10 violated but failed to act. Therefore, Plaintiff fails to state a claim against the Sheriff in his 11 First Amended Complaint.

12 **V.    Claim for Which an Answer Will be Required**

13 Plaintiff sufficiently alleges a claim for use of excessive force against Defendants 14 Horath and Valenzuela. These Defendants will be required to respond to the First Amended 15 Complaint.

16 **VI.   Warnings**

17 **A.    Release**

18 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. 19 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay 20 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result 21 in dismissal of this action.

22 **B.    Address Changes**

23 Plaintiff must file and serve a notice of a change of address in accordance with Rule 24 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other 25 relief with a notice of change of address. Failure to comply may result in dismissal of this 26 action.

27 **C.    Copies**

28 Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

TERMPSREF
- 4 -

1  of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
2  stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
3  an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
4  may result in the filing being stricken without further notice to Plaintiff.

5  **D.  Possible Dismissal**

6  If Plaintiff fails to timely comply with every provision of this Order, including these
7  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
8  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
9  comply with any order of the Court).

10 **IT IS ORDERED:**

11  (1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 3.)

12  (2) As required by the accompanying Order to the appropriate government agency,
13 Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

14  (3) Defendant Maricopa County Sheriff is **dismissed** without prejudice. (Doc. 5.)

15  (4) Defendants Horath and Valenzuela must answer Count I. (Doc. 5.)

16  (5) The Clerk of Court must send Plaintiff a service packet including the First
17 Amended Complaint (Doc. 5), this Order, and both summons and request for waiver forms
18 for Defendants Horath and Valenzuela.

19  (6) Plaintiff must complete and return the service packet to the Clerk of Court
20 within 21 days of the date of filing of this Order. The United States Marshal will not provide
21 service of process if Plaintiff fails to comply with this Order.

22  (7) If Plaintiff does not either obtain a waiver of service of the summons or
23 complete service of the Summons and First Amended Complaint on a Defendant within 120
24 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever
25 is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m);
26 LRCiv 16.2(b)(2)(B)(i).

27  (8) The United States Marshal must retain the Summons, a copy of the First
28 Amended Complaint, and a copy of this Order for future use.

1  (9) The United States Marshal must notify Defendants of the commencement of 2 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal 3 Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The 4 Marshal must immediately file requests for waivers that were returned as undeliverable and 5 waivers of service of the summons. If a waiver of service of summons is not returned by a 6 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the 7 Marshal must:

8  (a) personally serve copies of the Summons, First Amended Complaint, and 9 this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil 10 Procedure; and

11  (b) within 10 days after personal service is effected, file the return of service 12 for Defendant, along with evidence of the attempt to secure a waiver of service of the 13 summons and of the costs subsequently incurred in effecting service upon Defendant. 14 The costs of service must be enumerated on the return of service form (USM-285) and 15 must include the costs incurred by the Marshal for photocopying additional copies of 16 the Summons, First Amended Complaint, or this Order and for preparing new process 17 receipt and return forms (USM-285), if required. Costs of service will be taxed 18 against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules 19 of Civil Procedure, unless otherwise ordered by the Court.

20  (10) **A Defendant who agrees to waive service of the Summons and First** 21 **Amended Complaint must return the signed waiver forms to the United States Marshal,** 22 **not the Plaintiff.**

23  (11) Defendants must answer the First Amended Complaint or otherwise respond 24 by appropriate motion within the time provided by the applicable provisions of Rule 12(a) 25 of the Federal Rules of Civil Procedure.

26  (12) Any answer or response must state the specific Defendant by name on whose 27 behalf it is filed. The Court may strike any answer, response, or other motion or paper that 28 does not identify the specific Defendant by name on whose behalf it is filed.

(13)     Plaintiff's second Application to Proceed *In Forma Pauperis* is **denied** as moot. (Doc. 6.)

(14)     This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 18th day of October, 2010.

_____
Susan R. Bolton
United States District Judge