Timothy Ray Woods #213457
A.S.P.C.-Eyman /SMU #1
3-D-24
P.O. Box 4000
Phoenix, AZ 85132

FILED ___ LODGED
___ RECEIVED ___ COPY
MAR - 2 2011
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE _____5/4_____
(Rule Number/Section)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| Timothy Ray Woods, Plaintiff, | CV 10-1955-PHX-SRB (ECV) |
|---|---|
| v. Maricopa County Sheriff, et al., Defendants. | Plaintiff's Response To Defendants' Motion To Dismiss Plaintiff's First Amended Complaint |

I, the Plaintiff Timothy Ray Woods hereby submit my response to the Defendant's Motion To Dismiss Plaintiff's First Amended Complaint by requesting that the Defendants' motion be denied. Because I did not fail to exhaust administrative remedies as required by the Prisoner's Litigation Reform Act ("PLRA"), found at 42 U.S.C. §1997e. This response is supported by the following Memorandum of Points and Authorities:

MEMORANDUM OF POINTS AND AUTHORITIES

I. Factual Background

Prior to bringing a civil rights complaint under 42 U.S.C. §1983, against Defendants MCSO Deputy Steve Horath and Detention Officer Robert Valenzuela. I, on May 22, 2010, submitted through MCSO Detention Officer Sergeant Glee "two Inmate Grievances." On one of the grievances I claimed to have been treated cruel and inhumanely by MCSO staff. In the other grievance I claimed to have been "assaulted" by two MCSO employees. (Specifically naming the Defendants) Sergeant Glee signed and dated BOTH grievances. He then returned to me two pink copies.

On May 26, 2010, I was interviewed by MCSO Internal Affairs Detective C. Osborn #1232 who was accompanied by Detective T. Tennyson (also with MCSO's Internal Affairs). Detective Osborn also made copies of my grievance regarding the claim of assault along with other evidentiary materials. He then filed a report for "Aggravated Assault" (Report #: 10-099332). I was given my copy of a Victim's Rights/Waiver form.

II. Legal Argument

A. Proper Exhaustion

It is clear that the exhaustion requirement to be satisfied, the inmate must utilize all available procedures

for review under the prison's grievance system. However, if the inmate has already received an answer to his or her complaint, there is authority for the proposition that there is no need for the inmate to "jump through any further administrative hoops to get the same answer." See, Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). Also, if the inmate has received the most practical available relief that is realistically possible, there is no need in that situation as well to file another appeal when there is no realistic chance of obtaining any more relief. See, Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005)(" a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies")

III. Conclusion

I, the Plaintiff did not fail to exhaust administrative remedies. Therefore, I am not in violation of the PLRA. For all forgoing reasons, Defendants' Motion To Dismiss Plaintiff's First Amended Complaint should be denied.

RESPECTFULLY SUBMITTED this ____ day of _____, 2011.

By: _Timothy R. Woods_
Timothy Ray Woods #213457
A.S.P.C.-Eyman/SMU#1
3-D-24
P.O. Box 4000
Florence, AZ 85132

COPIES of the foregoing MAILED
this ____ day of _____, 2011 to:

Clerk, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 West Washington Street, SPC-1
Phoenix, AZ 85003-2118

J. Scott Dutcher
301 West Jefferson Street, Suite 3200
Phoenix, AZ 85003